# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES BRUCE THOMAS, | ) |
| Petitioner, | ) |
| v. | ) No. 00-cv-4304-JPG |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Charles Bruce Thomas's Rule 60(b)(4) motion for relief from judgment (Doc. 50). In Thomas's pending motion, he attacks the Court's disposition of his December 6, 2000, motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in Case No. 00-cv-4304-JPG, on the grounds that the judgment is void for lack of jurisdiction.

The Court cannot consider Thomas's motion because it is a successive petition not authorized by the Court of Appeals. A post-judgment motion such as a Rule 60(b) motion that advances a new claim, that is, a new ground for relief from a conviction, or an attack on the Court's prior resolution of a ground for relief on the merits is a successive petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (*habeas* context); *see United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005) (considering post-judgment Rule 6(e) motion). However, a Rule 60(b) motion that does not assert or reassert claims of error in the conviction and instead points to a defect in the integrity of the § 2255 proceedings is not a successive petition. *Gonzalez*, 545 U.S. at 532; *see Scott*, 414 F.3d at 816. Generally, decisions to deny a *habeas* petition or a § 2255 motion based on procedural default or the statute of limitations are not decisions on the merits and may be attacked in a Rule 60(b) motion without amounting to a successive petition. *Gonzalez*, 545 U.S. at 532 n. 4.

Although Thomas asserts that the pending motion is an attack on the integrity of the prior § 2255 proceedings – that is, that the Court's prior procedural default rulings were erroneous – it is

actually an attempt to advance a new substantive argument regarding the Court's jurisdiction to hear his criminal case. Thomas's § 2255 motion raised no jurisdictional argument that was resolved on procedural default grounds such that he could bring a Rule 60(b) motion to challenge it now. On the contrary, the Court ruled on the merits on the only issue even relating to jurisdiction that Thomas raised in his § 2255 proceedings. Thomas had argued that his trial counsel was constitutionally ineffective for failing to object to the Court's jurisdiction to hear Thomas's case. Thomas seemed to believe that the Court did not have jurisdiction to decide his criminal case because the government's evidence had already been used to convict him of murder in state court. The Court found counsel's performance was not deficient for failing to raise this argument at trial or on appeal because the argument was a sure loser. Thus, because the Court resolved no issues relating to jurisdiction on procedural default grounds, Thomas's assertion now that he challenges the Court's procedural default findings is simply wrong.

Because Thomas's pending motion seeks to raise a new jurisdictional issue, it is a successive petition under the rule of *Gonzalez*. In order for this Court to consider a successive petition, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to 28 U.S.C. § 2255, ¶ 8. *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007), *cert. denied*, 128 S. Ct. 2925 (2008); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). The Court of Appeals has not made such a certification. Therefore, the Court does not have jurisdiction to consider Thomas's motion (Doc. 50) and **DISMISSES** it for **lack of jurisdiction**.

**IT IS SO ORDERED.**
**Dated: August 18, 2009**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**